IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD ROSARIO REVIELLO<br><br>          Plaintiff,<br>vs.<br><br>UNITED RECOVERY SYSTEMS, LP,<br><br><br>          Defendant. | Civil Action No.<br><br>3:11-cv-00650-JMM |

**ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES BY DEFENDANT, UNITED RECOVERY SYSTEMS, LP**

AND NOW, comes Defendant, United Recovery Systems, LP, ("URS"), by and through its undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin, and hereby answers Plaintiff's Complaint, and in support thereof avers as follows:

**ANSWER TO INTRODUCTION**

1.  Admitted in part and denied in part. URS admits that Plaintiff has brought his most recent action against URS alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.* ("FDCPA"), but denies any liability or wrongful conduct to the extent alleged in this paragraph. A factual basis for the allegations in this paragraph is demanded of Plaintiff.

1

## **ANSWER TO JURISDICTION AND VENUE**

2. No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required of URS, URS incorporates its response to the foregoing allegations asserted in paragraph 1 as though fully set forth herein.

3. Denied. URS denies that it regularly conducts business throughout the Commonwealth of Pennsylvania, except and exclusively through means of interstate commerce. URS denies the remaining allegations in this paragraph.

4. Denied. URS denies that it obtains benefits as alleged in this paragraph as it does not regularly transact business in this jurisdiction. A factual basis for these allegations is demanded of Plaintiff.

5. Denied as pleaded. URS admits that Plaintiff claims violative conduct in the course of a telephone call with URS, a call which was presumably received by Plaintiff in this district. URS denies the remaining allegations of this paragraph and a factual basis for these allegations is demanded of Plaintiff.

6. Admitted. URS admits, upon information and belief, that Plaintiff, Gerald Rosario Reviello, resides in Lackawanna County, Pennsylvania.

## ANSWER TO PARTIES

7. No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required of URS, URS incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 6 as though fully set forth herein.

8. Admitted. URS admits, upon information and belief, that Plaintiff, Gerald Reviello, is an adult individual residing at the address set out in this paragraph.

9. Admitted in part and denied in part. URS admits that it was named as a defendant and that it maintains its principal place of business at the address set forth in subsection (a.) of this paragraph. The allegations in subsections (b.) and (c.) of this paragraph are directed to parties other than URS and therefore the allegations in subsections (b.) and (c.) are denied.

## ANSWER TO COUNT ONE: Violation of Fair Debt Collection Practices Act
## 15 U.S.C. § 1692 et. seq.

10. No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required of URS, URS incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 9 as though fully set forth herein.

11. Admitted in part and denied in part. URS admits that Plaintiff owes a debt. URS denies the remaining allegations in this paragraph as they constitute conclusions of law and are denied as such. URS refers all questions of law to the Court.

12. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. URS refers all questions of law to the Court.

13. Admitted. URS admits, and its records reflect, that it was attempting to collect a valid and delinquent debt obligation owed by Plaintiff. Unless otherwise admitted, URS denies the remaining allegations contained in this paragraph.

14. Admitted. URS admits and its records reflect that during January and February of 2010 its representatives had communications with Plaintiff regarding collection of a valid and delinquent debt obligation. Unless otherwise admitted, URS denies the allegations contained in this paragraph.

15. Denied. URS denies these allegations as URS lacks sufficient information or belief as to the truth or falsity of these allegations. A factual basis for these allegations is demanded of Plaintiff.

16. Denied. Defendant, URS, is without sufficient information or belief regarding whether Plaintiff's debt was a consumer debt and therefore denies the allegations contained in this paragraph.

17. Denied. URS denies making any false or misleading statements to Plaintiff during any of the conversations regarding payment of Plaintiff's valid and delinquent debt obligation. Responding further:

    a. Denied. URS denies stating that Plaintiff's account would stay on Plaintiff's credit report indefinitely

and would not be removed unless Plaintiff paid Defendant.

18. Denied. URS denies making any false or misleading statements to Plaintiff during any of the conversations regarding payment of Plaintiff's valid and delinquent debt obligation. A factual basis for these conclusory allegations is demanded of Plaintiff.

19. Denied. URS denies that it made any false statements to Plaintiff during its conversations with Plaintiff or that it made any statements that could have the natural consequence of leaving Plaintiff with the impression that URS would furnish credit information regarding Plaintiff for a period of time beyond what was permissible as a matter of law.

## **ANSWER TO LIABILITY**

20. No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required of URS, URS incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 19 as though fully set forth herein.

21. Admitted in part and denied in part. URS admits that when its employees are acting within the scope of their employment, these employees are under the direct supervision and control of URS. Unless otherwise admitted, URS denies the allegations of this paragraph and a factual basis for the allegations in this paragraph is demanded of Plaintiff.

22. Denied. URS denies the allegations of this paragraph and a factual basis for the allegations in this paragraph is demanded of Plaintiff.

23. Denied. URS denies making any mistake. However, to the extent a mistake was made in the course of its collection efforts with Plaintiff, such a mistake would not be a mistake of law, but would be a mistake of fact.

24. Denied. URS denies making any mistake. However, to the extent a mistake was made in the course of its collection efforts with Plaintiff, such a mistake would be reasonable and bona fide.

## ANSWER TO DAMAGES

25. No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required of URS, URS incorporates its responses to the

foregoing allegations asserted in paragraphs 1 through 24 as though fully set forth herein.

26. Denied. URS denied violating the FDCPA and denies that Plaintiff incurred any actual damages or is entitled to any damages as a result of the conduct of URS. A factual basis for the allegations in this paragraph is demanded of Plaintiff.

27. Denied. URS denies that its conduct violated the FDCPA and denies that Plaintiff would be entitled to recover statutory damages in the absence of any violative conduct by URS. A factual basis for the allegations in this paragraph is demanded of Plaintiff.

28. Denied. URS denies that it violated the FDCPA and denies liability to Plaintiff. Further, URS denies that it was a proximate or direct cause of any harm to Plaintiff, including harm premised on Plaintiff's claims of emotional distress, anger, frustration or disgust. URS denies that it engaged in any illegal or unlawful or even violative collection conduct with respect to URS' efforts to recover on Plaintiff's valid and delinquent debt obligation with Dell Financial Services, LLC.

29. Denied. URS denies that it violated the FDCPA and denies liability to Plaintiff. Further, URS denies that it was a

8

proximate or direct cause of any harm to Plaintiff, including harm premised on Plaintiff's claims of emotional distress, anger, frustration or disgust as a result of telephone calls in the course of URS' efforts to recover on Plaintiff's valid, delinquent and undisputed debt obligation owed to Dell Financial Services, LLC.

## ANSWER TO ATTORNEY FEES

30. No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required of URS, URS incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 29 as though fully set forth herein.

31. Denied. URS denies that Plaintiff is entitled to attorney's fees and denies that the rate of $350.00 per hour is reasonable or appropriate. URS further denies each time entry generally averred in this paragraph with respect to the serial litigant Plaintiff. A factual basis for the conclusory allegations in this paragraph is demanded of Plaintiff.

32. Admitted in part and denied in part. URS admits that the litigation costs will accrue as the case moves forward. URS denies that Plaintiff's counsel is entitled to recover any costs,

including attorney's fees, presently or as reasonably accrued in the course of this litigation, unless and until Plaintiff is declared a prevailing party.

33. Denied. URS denies that Plaintiff's stated fees in paragraph 31 of his Complaint were incurred for prosecuting this matter or "reasonable follow up."

## ANSWER TO OTHER RELIEF

34. No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required of URS, URS incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 33 as though fully set forth herein.

35. Admitted in part and denied in part. URS admits that Plaintiff is seeking injunctive relief, but denies that injunctive relief is available to Plaintiff as a matter of well settled law.

36. Denied. URS denies that Plaintiff is entitled to any relief in the absence of any violative conduct.

37. Denied. URS denies that it violated the FDCPA and denies that it was a proximate or direct cause of any harm to Plaintiff. Further, URS denies that the FDCPA provides for any

punitive damages, including treble damages and denies that URS engaged in any improper conduct with respect to Plaintiff, including willful, wanton, reckless and/or intentional conduct warranting any relief to Plaintiff as a result of Plaintiff's failure to pay his debt obligation.  A factual basis for these wholly conclusory allegations is demanded of Plaintiff.

## **ANSWER TO DEMAND FOR JURY TRIAL**

38. No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of URS, URS incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 37 as though fully set forth herein.

39. Admitted in part and denied in part.  URS admits that Plaintiff seeks a trial by jury.  URS denies that Plaintiff has a right to a jury trial in the absence of any viable claims.

URS admits that Plaintiff is seeking $13,226.00 in his Wherefore clause.  To the extent that the "Wherefore" clause contains conclusions of law, no response is required.  To the extent that Plaintiff is suggesting that URS violated any law or is liable to Plaintiff, URS denies same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead a claim against URS upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead an individual claim under the FDCPA, his entitlement to statutory damages is <u>capped</u> at $1,000 per action, not per violation. See <u>Goodmann v. Peoples Bank, et al.</u>, 2006 US App. LEXIS 31555 (3rd Cir. 2006); <u>Brown v. Law Offices of Butterfield</u>, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); <u>Dowling v. Kucker Kraus & Bruh, LLP</u>, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); <u>Mann v. Acclaim Fin Servs</u>, 348 F. Supp. 2d 923 (S.D. Ohio 2004); <u>Ganske v. Checkrite Limited</u>, 1997 U.S. Dist. LEXIS 4345 (D. Wis. 1997); <u>Wright v. Finance Service of Norwalk, Inc.</u>, 22 F. 3d 647 (6th Cir. 1994); <u>Harper v. Better Business Services, Inc.</u>, 961 F.2d 1561 (11th cir. 1992); <u>Donahue v. NFS, Inc.</u>, 781 F. Supp. 188 (W.D.N.Y. 1991); <u>Wiener v. Bloomfield</u>, 901 F. Supp. 771 (S.D.N.Y. 1995); <u>Teng v. Metropolitan Retail Recovery</u>, 851 F. Supp. 61 (E.D.N.Y. 1994); <u>Beattie v. D.M.

Collections, Inc., 764 F. Supp. 925 (D. Del. 1991); and Harvey v. United Adjusters, 509 F. Supp 1218 (D. Or. 1981).

### THIRD AFFIRMATIVE DEFENSE

Even if URS violated the FDCPA, which is denied, Plaintiff did not incur actual damages as a result of the alleged conduct of URS.

### FOURTH AFFIRMATIVE DEFENSE

Any violation of the Fair Debt Collection Practices Act by URS, which URS, denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FIFTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which URS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of URS.

### SIXTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which URS denies, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against URS.

## **SEVENTH AFFIRMATIVE DEFENSE**

Declaratory or injunctive relief is unavailable to private litigants for claims premised on the FDCPA. See <u>Weiss v. Regal Collections</u>, 385 F.3d 337, 341-42 (3d Cir. 2004); see <u>Sibley v. Fulton Dekalb Collection Service</u>, 677 F.2d 830, 834 (11th Cir. 1982)("The thrust of the [FDCPA] is prevention of harassment and abuse as well as false, deceptive or misleading practices.... equitable relief is not available to an individual under the civil liability section of the Act").

Therefore, Plaintiff's efforts to seek injunctive relief to evade his debt obligation, as set out in ¶35 of his Complaint, fails as a matter of law and should be withdrawn, stricken or dismissed.

**WHEREFORE**, Defendant, United Recovery Systems, LP, respectfully requests this Honorable Court enter judgment in its favor dismissing Plaintiff's Complaint and any and all other relief as the Court deems is just and equitable.

      Respectfully submitted,

      **MARSHALL, DENNEHEY, WARNER,**
      **COLEMAN & GOGGIN**

By: <u>*/s/ Ronald M. Metcho, II / rmm20287*</u>
   RONALD M. METCHO, ESQUIRE
   1845 Walnut Street, 17th Floor
   Philadelphia, PA 19103
   (215) 575-2595 / (215) 575-0856 (f)
   rmmetcho@mdwcg.com
   Attorneys for Defendant
   United Recovery Systems, LP

Dated: <u>April 12, 2011</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GERALD ROSARIO REVIELLO**<br><br>    Plaintiff,<br>   **vs.**<br><br>**UNITED RECOVERY SYSTEMS, L.P.**<br><br><br>    Defendant. | **Civil Action No.**<br><br>**3:11-cv-00650-JMM** |

## CERTIFICATE OF SERVICE

I, Ronald M. Metcho, Esquire, do hereby certify that a true and correct copy of Defendant, United Recovery System, LP's, Answer to Plaintiff's Complaint with Affirmative Defenses was served upon counsel of record by ECF on **April 12, 2011**.

        **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By: _/s/ Ronald M. Metcho, II / rmm202807_
    RONALD M. METCHO, ESQUIRE
    Attorneys for Defendant
    United Recovery Systems, LP